UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARK HOURANEY and NORTHEAST
HOLDINGS, L.L.C.,

                           Plaintiffs,                           **ORDER**

             -against-                            CV 04-2262(ADS)(ARL)

TOWN OF RIVERHEAD, et al.,

                         Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiffs' letter application dated July 8, 2005, seeking costs associated with defending the defendants' motion to disqualify Bernard Burton from representing the plaintiffs in this action. That motion is denied as premature. By order date June 15, 2005, Judge Spatt referred the defendant's motion to the undersigned for a determination of whether the motion should be granted. In response, the undersigned held a conference and recommended, on the record, that the defendant's motion be denied. To date, Judge Spatt has not adopted the undersigned's recommendation. Accordingly, the plaintiff's present motion for costs based on the impropriety of the motion is not ripe. The plaintiffs may renew the motion should Judge Spatt adopt the undersigned's recommendation.

      The plaintiffs are reminded, however, that an award of costs incurred in connection with a motion to disqualify must be supported by a finding of bad faith. In order to impose sanctions under 28 U.S.C. § 1927, the court must find that the attorneys' actions were "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose, such as harassment or delay," (*The Vegetable Kingdom, Inc. V. Katzen,* 653 F. Supp. 917 (N.D.N.Y. 1897)(citing *Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir. 1986)). In order to impose sanctions under Fed. R. Civ. P. 11, the court must apply an objective standard, namely, that sanctions shall be imposed only when it appears that a competent attorney could not form the requisite reasonable belief as to the validity of what is asserted in the motion. *See Oliveri,* 803 F.2d at 1275.

Dated: Central Islip, New York                      **SO ORDERED:**
       July 21, 2005

                                                             _____/s/_____
                                                             ARLENE R. LINDSAY
                                                             United States Magistrate Judge