```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARK HOURANEY and NORTHEAST
HOLDINGS, L.L.C.,

                    Plaintiffs,
                                                                    ORDER
        -against-                                                   CV 04-2262(ADS)(ARL)

TOWN OF RIVERHEAD, et al.,

                    Defendants.
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

Before the court is the municipal defendants' letter application dated January 18, 2006, seeking order directing the plaintiff to provide a fully executed medical authorization for his treating therapist or, in the alternative, precluding the plaintiff from introducing evidence at trial relating to his personal injury claim. On December 21, 2005, the plaintiff returned an authorization to the defendants, but failed to initial the authorization in the proper places. On January 5, 2006, when the therapist refused the provide the defendants with documents based on that improper authorization, counsel for the defendants provided the plaintiff's counsel with another authorization asking that it be fully executed. Almost two weeks later, plaintiff's counsel responded that his client could not sign a new authorization because his arm was in a sling, forcing the defendants to make the instant motion. Upon receipt of the motion, the plaintiff initialed and signed the authorization, and thus, asserts, in his opposition, that the application is moot. Although the court agrees that the application is moot, the plaintiff and his counsel are warned that this type of conduct may be sanctioned. Parties cannot fail to respond to an adversary's good faith request and then ask the court to absolve them once their adversary is forced to seek court intervention. Rule 37(a)(4) provides that "the court shall . . . require the party whose conduct necessitated the motion or the attorney advising such conduct or both of them to

pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . ." In the future, the plaintiff and his counsel may be assessed the costs of such a motion.

In addition, the defendants have request additional time to take the plaintiff's deposition after they receive the documents that are the focus of the authorization. That request is granted. The deadline for discovery is extended to February 28, 2006 for the limited purpose of taking the plaintiff's deposition upon receipt of the documents. Any party planning on making a dispositive motion shall take the first step in the motion process by March 10, 2006. The final conference will go forward as scheduled on March 3, 2006 at 2:00 p.m.

Dated: Central Islip, New York
       January 31, 2006

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge